# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-779V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| LAUREN ELWELL, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: November 15, 2023 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Michael D. Sechrest*, Warner, Sechrest & Butts, PA, Gainesville, FL, for Petitioner.

*Alexis B. Babcock*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING IN PART ATTORNEY'S FEES AND COSTS[1]

On January 21, 2021, Lauren Elwell filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that she suffered a Table Injury of chronic arthritis as a result of her July 23, 2020 receipt of the measles-mumps-rubella ("MMR") vaccine. The parties agreed on a stipulation resolving the case, and I issued a decision awarding Petitioner compensation. *See* ECF No. 35.

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated Apr. 10, 2023 (ECF No. 40). This is Petitioner's sole fees request. Petitioner seeks $26,421.28 in attorney's fees and costs ($25,821.00 in fees plus $600.28 in costs) for the work of

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

two attorneys, Michael Sechrest and Eugene Mesin,[3] along with a paralegal. ECF No. 40-1 at 11. Respondent reacted to the fees request on April 24, 2023. *See* Response, dated Apr. 24, 2023 (ECF No. 41). Respondent defers to my discretion whether the statutory requirements for an award of attorneys' fees and costs are met in this case, and the calculation of the amount to be awarded. *Id.* at 2–3. Petitioner filed a Reply on April 24, 2023. *See* Reply, dated Apr. 24, 2023 (ECF No. 42).

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$22,204.08**.

## ANALYSIS

**I.      Attorney's Fees**

Because Petitioner's claim was successful, the Act entitles him to an award of attorney's fees. Section 15(e). Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorneys, based on the years work was performed:

---

[3] I note that some of the hours billed by Mr. Mesin were at a Law Clerk rate before he became an Associate with Warner, Sechrest, & Butts, P.A. ECF No. 40-1 at 11.

|  | 2020 | 2021 | 2022 | 2023 |
|---|---|---|---|---|
| **Karen A. Curran (Of Counsel)** | $160.00 | $170.00 | -- | -- |
| **Eugene Mesin (Law Clerk)** | $160.00 | $170.00 | -- | -- |
| **Eugene Mesin (Attorney)** | -- | $250.00 | $275.00 | $275.00 |
| **Michael Sechrest (Attorney)** | $450.00 | $475.00 | $500.00 | -- |
| **Loriann Traino (Paralegal)** | $160.00 | $170.00 | $175.00 | -- |

ECF No. 40-1 at 11.

Messrs. Sechrest and Mesin practice in Gainesville, FL—a jurisdiction that has been recognized as in forum, entitling them to commensurate rates established in *McCulloch*. *See Dezern v. Sec'y of Health & Hum. Servs.*, No. 13-643V, 2016 WL 6678496, at *4 (Fed. Cl. Spec. Mstr. Oct. 14, 2016). Mr. Sechrest has been a licensed attorney since 1998, placing him in the range of attorneys with 20-30 years' experience based on the OSM Attorney Fees Rate Schedule[4] for all his time billed. However, although the requested rates fall within the appropriate experience ranges, Mr. Sechrest does not have demonstrated Vaccine Act experience, with this matter being his first Program case. It is therefore improper to award rates for Mr. Sechrest's time equivalent to counsel of the same vintage but who *also* have lengthy Program experience. *McCulloch*, 2015 WL 5634323, at *17 (holding the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

Accordingly, I find it reasonable to reduce the requested rates to the following: $400.00 per hour for time billed in 2020; $425.00 per hour for time billed in 2021; and $450.00 per hour for time billed in 2022. This reduces the amount to be awarded in fees by **$1,020.00**.[5] Mr. Sechrest

---

[4] OSM Attorneys' Forum Hourly Rate Fee Schedule, https://www.uscfc.uscourts.gov/node/2914 (last visited Nov. 15, 2023).

[5] This amount consists of ($450 - $400 = $50 x 5.0 hrs = $250) + ($475 - $425 = $50 x 8.8 hrs = $440) + ($500 - $450 = $50 x 6.6 hrs = $330) = $1,020.00.

will be entitled to larger rate increases for work performed in future years, however, as he gains more experience in Vaccine Program cases.

Mr. Mesin's requested rates are also problematic. The Clerk of Court has confirmed that Mr. Mesin is not licensed to practice in the Court of Federal Claims. An attorney who is not admitted to practice before this Court is not eligible to collect fees at an admitted attorney's rate for his work. *See Underwood v. Sec'y of Health & Hum. Servs.*, No. 00-357V, 2013 WL 3157525 (Fed. Cl. Spec. Mstr. May 31, 2013). Rather, the time billed by Mr. Mesin must be compensated at non-attorney rates. For that reason, I shall reduce Mr. Mesin's requested rates to the following (while also taking into account his level of experience—thus entitling him to rates on the higher end of the paralegal scale): $170.00 per hour for time billed in 2021;[6] $177.00 for time billed in 2022; and $186.00 for time billed in 2023. This results in a reduction of the attorney fees requested in the amount of **$3,197.20**.[7]

Otherwise, time incurred on this matter by paralegals and attorney Curran will be awarded at the requested rates. And I do not find cause to reduce any hours devoted to work on the matter.

## II.     Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $600.28 in outstanding costs, including the court filing fee and medical record retrieval costs. ECF No. 40-2. Although Petitioner has not substantiated these expenses via provision of detailed invoices that would assist me in ascertaining their reasonableness, the amount in total is modest and reflects commonly-incurred Program costs (plus I can confirm payment of the filing fee merely by reference to the case docket). Thus, they shall also be awarded in full

---

[6] The change in Mr. Mesin's 2021 requested rates is due to a change in his job title from law clerk to associate. However, "it is not the practice of the OSM to afford mid-year rate increases to attorneys under any circumstances." *Jefferson v. Sec'y of Health & Hum. Servs.*, No. 19-1882V, 2023 WL 387051, at *2 (Fed. Cl. Spec. Mstr. Jan. 9, 2023).

[7] This amount consists of ($250 - $170 = $80 x 3.0 hrs = $240) + ($275 - $177 = $98 x 24 hrs = $2,352.00) + ($275 - $186 = $89 x 6.8 hrs = $605.20) = $3,197.20.

without reduction. I note, however, that counsel risks denial of requested costs in the future if they are not properly substantiated.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees and Costs, and award a total of **$22,204.08,** reflecting $21,603.80 in attorney's fees and $600.28 in costs in the form of a check made jointly payable to Petitioner and Petitioner's attorneys, Warner, Sechrest & Butts, P.A. (Petitioner requests that the check be forwarded to Warner, Sechrest & Butts, P.A., 5200 SW 91st Terrace, Suite 101, Gainesville, Florida 32608).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[8]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.